# State Bank of Warrensburg, Appellee, v. B. H. Keck, Appellant.

1. Chattel mortgages—*sufficiency of general description as to mortgagee in possession.* A general description of property covered by a chattel mortgage is sufficient after the mortgagee has taken possession of such property, under the terms of his mortgage, in the foreclosure thereof, and he has a right to hold such generally described property, along with that specifically described, and subject it to sale in the foreclosure of the lien of his mortgage and the satisfaction of the debt.

2. Chattel mortgages—*priority of lien as against that of subsequent judgment.* The lien of a chattel mortgage against property described generally in the mortgage is prior to that of a judgment against the mortgagor procured subsequent to the taking possession of such property by the mortgagee pursuant to the terms of the mortgage in the foreclosure thereof where the mortgage and all proceedings taken thereunder by the mortgagee are regular in all respects, and a levy on such generally described property under such judgment is invalid and legally ineffective where there is no surplus but a deficiency.

3. Injunctions—*damages recoverable on dissolution of injunction against levy of execution.* A judgment creditor of a chattel mortgagor is not entitled to recover the amount of his damages from the mortgagee upon the dissolution of a temporary injunction directing the officer making the levy to release the same and deliver up the property seized to the mortgagee and to refrain from interfering with the foreclosure sale, where the lien of the mortgage was prior to that of the judgment the mortgagee had taken possession of the property before recovery of the judgment, and the mortgage and all proceedings taken thereunder by the mortgagor were in all respects regular and the injunction was dissolved for want of equity and the question of the priority of the respective liens was not involved or adjudicated.

Appeal by defendant from the Circuit Court of Macon county; the Hon. James S. Baldwin, Judge, presiding. Heard in this court at the October term, 1922. Affirmed. Opinion filed April 23, 1923.

T. M. Harris, for appellant.

McDavid, Monroe & Hershey, for appellee.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

This is an appeal from a decree of the circuit court of Macon county, in the matter of the suggestion of damages, following the dissolution of a temporary injunction, which was issued upon the application of the appellee, the State Bank of Warrensburg, against the appellant, B. H. Keck. The record discloses the following facts, which have a bearing upon the matters in controversy:. On the 11th day of January, 1921, D. H. Fawcett made, executed, duly acknowledged and delivered a chattel mortgage to the appellee to secure a promissory note made to the appellee for the sum of $4,300 and interest; the note was payable one year after date. The mortgage described certain specific chattel property of the mortgagor, but included also all personal property located on the land which the mortgagor farmed a mile east, and one and one-half miles north of Warrensburg, Illinois, also all his interest in one growing crop of wheat; and the appellant, as mortgagor also assigned his interest in a crop of corn to be raised on his farm in the year 1921 to the appellee. Under the terms of the chattel mortgage, the appellee as mortgagee had the right at any time before the note became due, if it felt unsafe or insecure in its lien, to take possession of the property mortgaged wherever it might be found and to sell the same at public or private sale. And under the latter clause, the appellee on the 3rd day of January, 1922, proceeded to foreclose its lien under the mortgage, and took possession of the property and chattels specifically enumerated in the mortgage, as well as the other personal property and chattels of the mortgagor covered by the general description referred to, which were located on the farm of the mortgagor. The property taken possession of under the mortgage was put in charge and control of a custodian, for the appellee, and remained in custody and control of appellee's custodian,

who continued to hold exclusive possession and control of the same, for the purposes of foreclosure and sale, until January 23, 1922, when a part of the property, so held, was levied upon by the sheriff of Macon county, under an execution issued upon a judgment which had been recovered by the appellant, B. H. Keck, against the mortgagee Fawcett on January 23, 1922, for the sum of $493.75. Thereupon the appellee filed a bill in equity, and secured a temporary injunction against the sheriff of Macon county, who had made the levy, directing the sheriff and the appellant to give up possession of the property levied upon to the appellee, and to release the levy made, and refrain from interfering with the sale of the property and chattels in the foreclosure of the chattel mortgage. Thereafter on the 24th day of January, 1922, the property was sold at public sale under the mortgage, and the amount realized at the sale was $3,369.70, which was considerably less than the amount of the mortgage debt due the appellee. Afterwards, on March 31, 1922, the temporary injunction issued was dissolved upon motion of the appellant, and appellant then by leave of court filed his suggestion of damages, claiming as damages the amount of his judgment, $684.35, and interest thereon and costs, and $100 solicitor's fees incurred in and about procuring a dissolution of the injunction, and $25 expenses of the solicitor in and about the same matter. The matter of appellant's damages was referred to the master in chancery, who reported his findings, to which exceptions were taken by the appellant. The court heard the exceptions and overruled the same, and decreed that the appellant was entitled to recover as damages the sum of $152, which included $100 for solicitor's fees and $25 for expenses of the solicitor, but was not entitled to recover the amount due on his judgment. An appeal is prosecuted from this decree.

It is contended by the appellant that the amount of

his judgment, interest and costs should have been included as a part of the damages sustained by him by suing out the injunction. This position of the appellant can be legally sustained only upon the ground that the levy made under his judgment upon the property of the judgment debtor and mortgagor was a valid levy, by which he was entitled to have the property levied upon to satisfy his judgment, and was prevented from getting such satisfaction by the injunction. It is only necessary, for the purposes of this opinion, to pass upon the first proposition, namely, whether the levy made under appellant's judgment was valid and legally effective. There is nothing in the record which impugns the validity of appellee's chattel mortgage, or the lien thereby created or the debt which it secured. The chattel mortgage appears to have been regularly signed, executed, acknowledged and recorded, and made in conformity with the requirements of the statute. The proceedings taken by the mortgagee to foreclose the lien of the mortgage and the subsequent sale of the property thereunder appear to have been regular and in compliance with the terms and conditions of the mortgage. The appellee had the legal right under its terms, if it felt insecure in its rights, to take possession of the property described in the mortgage, and the mortgagee did so apparently in good faith, and for the purpose of procuring thereby the payment of the mortgage indebtedness. It is urged that the appellee had no right to hold the property which was not specifically described but covered only by the general description. This general description, however, was sufficient after possession by the mortgagee of the property embraced therein had been taken. *Gittings v. Nelson,* 86 Ill. 591; *Titus v. Mabee,* 25 Ill. 260. Even where after-acquired property is included in the terms of the mortgage, it can be held by the mortgagee as against subsequent liens, if he has taken possession of the same under the

mortgage. *Tennis v. Midkiff*, 55 Ill. App. 649. We are of opinion, therefore, that the appellee had the legal right, in the foreclosure of this chattel mortgage, to take all the property, including that covered by the general description, and subject the same to sale in foreclosure of the lien of its mortgage, and to satisfy its debt. The appellant did not procure his judgment nor have any execution which could become a lien on the property until after the appellee had taken possession of the property in question, under the lien of its mortgage, which was a prior lien to that of the appellant under his judgment. The appellant's rights were subject to those of the appellee, and inasmuch as there was no surplus over the amount of appellant's debt, in the proceeds of the sale, but a deficiency, the appellant has no right to satisfaction of his judgment out of the proceeds of the sale. The decree of the court disallowing the amount of appellant's judgment as part of the damages was proper. The dissolution of the injunction and subsequent dismissal of the bill for want of equity was not *res adjudicata* upon the question of the priority of the liens involved, but adjudicated only the matter of the appellee's right to an injunction. For the reasons stated the decree is affirmed.

*Affirmed.*